UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAYMOND BLOW,<br><br>    Petitioner,<br><br>v.<br><br>BUREAU OF PRISONS,<br><br>    Respondent. | 1:07-cv-01357-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTIONS FOR INJUNCTIVE RELIEF (Docs. 8 & 14)<br><br>ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE<br><br>FIFTEEN DAY DEADLINE TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

Prisoner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc.1).

**PROCEDURAL HISTORY**

On November 9, 2007, Petitioner filed a motion for temporary restraining order and motion for preliminary injunction, seeking an order from this Court to pro-actively enjoin Respondent from engaging in retaliatory behavior against him and also to prevent Respondent from interfering with the delivery of mail to Petitioner. (Doc. 8). On March 17, 2008, Respondent filed an answer to the petition for writ of habeas corpus. (Doc. 13). On March 31, 2008, Petitioner filed a motion for injunctive relief. (Doc. 14). The one-page motion appears to be primarily a request for an extension of time to file his traverse. However, portions of the motion appear to complain again that

Respondent has been interfering with the delivery of Petitioner's court mail.

**DISCUSSION**

Insofar as both motions appear to request injunctive relief, the Court will recommend that the requests be denied. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830 (1981). The general legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits. Owner Operator Indep. Drivers Ass'n., Inc. v. Swift Transp. Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004). These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases. Id.; Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., 762 F.2d at 1376. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id. Here, Petitioner has failed to show irreparable harm.

In the two requests for injunctive relief, Petitioner has alleged in generalities that he is fearful that Respondent will retaliate against him, presumably for pursuing habeas relief in this Court. Petitioner alleges no immediate harm, and he provides no details or specific instances in which Respondent has engaged in the tactics over which Petitioner has expressed concern. Thus, at present, Petitioner's generalized allegations, without more, fail to demonstrate actual injury, as required by Lewis v. Casey, 518 U.S. 343, 349-351, 116 S. Ct. 2174 (1996). The concerns appear at this point to be purely hypothetical. Thus, because Petitioner has not made an adequate showing that he has suffered or is in imminent danger of suffering irreparable injury, the Court must recommend that injunctive relief be denied. Oakland Tribune, Inc., 762 F.2d at 1376.

To the extent that Petitioner's most recent motion is also a request for an extension of time to file his traverse, the Court will grant Petitioner twenty days from the date of service of this Order to file his traverse.[1] In so doing, the Court notes that Petitioner has allowed many months to pass without advising the Court of the status of the traverse or actually filing the traverse. Petitioner is forewarned that no further extensions of time to file the traverse will be granted except on a showing of exceptional circumstances.

## ORDER

Accordingly, Petitioner's motion for extension of time to file the traverse (Doc. 14), is GRANTED. Petitioner is granted twenty (20) days from the date of service of this order to file his traverse. No further extensions of time will be granted absent a showing of exceptional circumstances.

## RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. That Petitioner's motion for temporary restraining order and preliminary injunction (Doc. 8), be DENIED; and

2. That Petitioner's motion for injunctive relief (Doc. 14), be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than ten (10) days after service of the objections. The District Judge will then review the findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///
///
///

---

[1] In the future, to facilitate prompt review by the Court, Petitioner should file all motions for extensions of time individually as separate motions, rather than incorporating them in the body of other motions.

U.S. District Court
E. D. California

3

Case 7:09-cv-00264-GEC-mfu   Document 15   Filed 08/06/08   Page 3 of 4   Pageid#: 131

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 6, 2008**                                         **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE